UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**HAROLD A. TAYLOR**

> **Plaintiff,**

**v.**                                                    Case No.:

**TEAKDECKING SYSTEMS, INC.,**

**a Florida Corporation,**

> **Defendant**

_____/

## PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Harold A. Taylor, by and through his undersigned his attorney, complains against Defendant Teakdecking Systems, Inc., as follows:

## NATURE OF THE ACTION

1.  This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) *et seq.*) and the Florida Civil Rights Act as amended for racial discrimination and retaliation for having complained of racial discrimination.

## PARTIES

2.  Plaintiff Harold A. Taylor, and African American, is an individual residing in Manatee County, Florida.

3. At all relevant times, Plaintiff Harold A. Taylor was an employee of Defendant Teakdecking Systems, Inc..

4. On information and belief, Defendant Teakdecking Systems, Inc. is a Florida corporation with its principal place of business in Sarasota, Florida.

5. At all times relevant to the allegation in this Complaint, Defendant Teakdecking Systems, Inc. operated from a facility in Sarasota, Florida.

6. At all relevant times, Defendant Teakdecking Systems, Inc. employed more than 15 people.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) *et seq.*) as amended as this matter involves a federal question based on the Civil Rights Act.

8. The Middle District of Florida, Tampa Division is the proper venue for this action pursuant to the above and because this is the District and Division in which Plaintiff Harold A. Taylor and Defendant Teakdecking Systems, Inc. reside and in which a substantial part of the events or omissions giving rise to the claims occurred.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Prior to filing this action, Plaintiff Harold A. Taylor timely filed his written charge under oath asserting racial discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) within the appropriate number of days by filing concurrently with the Florida Commission on Human Relations (FCHR). A copy of said charge along with the

corresponding Notice of Rights is attached hereto and marked Exhibit "A." Said Exhibit "A" is incorporated herein as though set forth in full.  Said EEOC failed to effect voluntary compliance with the requirements of the Civil Rights Act on the part of said Defendant Teakdecking Systems, Inc. through conciliation, conference and persuasion.  Plaintiff Harold A. Taylor also filed concurrently with the FCHR in conformity with the law.

## FACTUAL BACKGROUND

10.    Plaintiff Harold A. Taylor's employment background includes an extensive background in human resources management.

11.    Plaintiff Harold A. Taylor worked for Defendant Teakdecking Systems, Inc. for approximately four years as a human resources manager.

12.    Plaintiff Harold A. Taylor served in this capacity for  Defendant Teakdecking Systems, Inc. until his unlawful and discriminatory termination on or about October 15, 2010.

13.  Throughout his employment with Defendant Teakdecking Systems, Inc., Plaintiff Harold A. Taylor met and/or exceeded Defendant Teakdecking Systems, Inc.'s expectations.

14.  On or about October 15, 2010, Defendant Teakdecking Systems, Inc. notified Plaintiff Harold A. Taylor it had "outsourced" and therefore eliminated his position.

15.  After Defendant Teakdecking Systems, Inc. terminated Plaintiff Harold A. Taylor, upon informaiton and belief, it reassigned his job functions, responsibilities and accounts to a causcasian employee.

16.     In his capacity of human resources manager, Plaintiff Harold A. Taylor was uniquely situated to have knowledge and belief with regard to disparate treatment he and other African American employees were subjected to.  For example:

17.     He was the only employee of 32 salaried employees to be so "outsourced."  Upon information and belief, Plaintiff Harold A. Taylor is the only such employee in company history.

18.     Plaintiff Harold A. Taylor was not allowed to retrieve his personnel possessions, and was not paid for his unused vacation time.  Similarly situated white employees received the opposite treatment.

19.     Plaintiff Harold A. Taylor twice requested his employment records, via certified mail. Defendant Teakdecking Systems, Inc. refused to issue his medical, personnel and payroll records.  Similarly situated white employees were provided their records.

20.     In the course of his employment, Plaintiff Harold A. Taylor was given more pre-employment tests than other Defendant Teakdecking Systems, Inc. white salaried employees. He scored 25 out of 25 on one of the many tests he was required to take.

21.     He was required to take a physical and drug screen as a condition of employment, whereas other white employees were not required to take and successfully pass a physical and a drug test prior to being hired.   Some white employees were hired despite failing drug screens and physicals, which were conditions of employment. Black applicants who failed physicals were not hired.

22.     Plaintiff Harold A. Taylor was the only salaried employee required to complete a weekly report throughout his employment with Defendant Teakdecking Systems, Inc.

23.     Despite the fact he was a salaried employee, he was treated like an hourly employee and was required to swipe a time card daily.  Some of Defendant Teakdecking Systems, Inc.'s white salaried employees were not required to "punch in."

24.     Black employees bore the brunt of terminations.  Teakdecking's termination of Black employees was purely subjective.

25.     Plaintiff Harold A. Taylor opposed 17 Black employees (protected class members) being discharged during his employment with Defendant Teakdecking Systems, Inc.  Black employees comprised 44% of the total of 39 discharges during his tenure with the Defendant company.  Black employees comprised approximately 10% of the total company's employee population.

26.     Black employees were told different reasons, including in Plaintiff Harold A. Taylor's case, for their terminations than what was the actual cause of their terminations.

27.     Plaintiff Harold A. Taylor's position as a Human Resources Manager required a B.S. degree.  He also holds an M.B.A.  Other white Teakdecking Systems, Inc.  employees had no degrees, despite their job descriptions clearly stating a degree was required.  Teakdecking Systems, Inc.'s agent, Mike Havey, re-wrote job descriptions to suit some white employees without college degrees.

28.     Plaintiff Harold A. Taylor opposed the company devising a pre-employment electrical test without any concern for test validation.

29.     Plaintiff Harold A. Taylor opposed Defendant Teakdecking System, Inc.'s pre-employment tests that had no predictability of on the job success.  Even though there were no standards for pass or fail, black employees were treated differently than white employees

with respect to testing. Some lack employees were given different times to complete the test, some were tested in various areas, some were given instructions and some were not. Some test results of black employees were scored differently than white employees.

30.    Plaintiff Harold A. Taylor opposed Janette Johnson, a white female receptionist, being allowed by management of the Defendant company to engage in and get away with blatant, intentional and overt discrimination.

31.    Ms. Johnson would not provide Plaintiff Harold A. Taylor any messages, unlike the messages she provided for white coworkers. Ms. Johnson would not even announce Plaintiff Harold A. Taylor's incoming telephone calls, unlike the announcements she would provide for white coworkers.

32.    Ms. Johnson would just say " Line 1, or Line 2", etc. and not state who was calling. Janette Johnson specifically told Plaintiff Harold A. Taylor she did not want to work for or with a black person. Upon objecting, Plaintiff Harold A. Taylor was told Ms. Johnson would be retiring soon. She was not disciplined or instructed to behave differently. Plaintiff Harold A. Taylor was forced to work with this person for over two years after these incidents and Ms. Johnson is still employed by Defendant company upon information and belief.

33.    Defendant Teakdecking Systems, Inc. used employment applications that required applicants to furnish their Florida driver's license (regardless of the position applied).

34.    Todd Sharp, production manager and agent of Defendant Teakdecking Systems, Inc., disciplined black employees differently than he did white employees.

35.    Defendant Teakdecking Systems, Inc.'s management did not discipline Dave Nelson, a white male project coordinator, for spitting in a black employee's (Lionel Harris Jr.) coffee.

36.     For four years, Plaintiff Harold A. Taylor was subjected to a hostile and discriminatory environment.   He met with opposition in trying to remedy these discriminatory activities.

37.     In fact, Plaintiff Harold A. Taylor's opposition to discrimination led to his unlawful termination.   He was retaliated against because of his opposition to discrimination against himself and others within his and other protected classes.

## COUNT I: RACIAL DISCRIMINATION

38.     Plaintiff Harold A. Taylor realleges and incorporates in this Count I paragraphs 1-37.

39.     Plaintiff Harold A. Taylor's race was a determining factor in Defendant Teakdecking Systems, Inc.'s decision to terminate him and other African American employees.

40.     Defendant Teakdecking Systems, Inc. knowingly and willfully discriminated against Plaintiff Harold A. Taylor on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e) *et seq*.) and the Florida Civil Rights Act as amended.

## COUNT II: RETALIATION

41.     Plaintiff Harold A. Taylor realleges and incorporates in this Count II paragraphs 1-40.

42.     In October 2010, Plaintiff Harold A. Taylor complained to Defendant Teakdecking Systems, Inc. of race discrimination against himself as well as others in the Defendant company in his capacity as human resource manager.

43.     On or about October 15, 2010, Plaintiff Harold A. Taylor was terminated from Defedant Teakdecking Systems, Inc.

44.     Defendant Teakdecking Systems, Inc. refused to rehire Plaintiff Harold A. Taylor for his position.

45.     Defendant Teakdecking Systems, Inc.'s termination and refusal to rehire Plaintiff Harold A. Taylor for his position was in retaliation against Plaintiff Harold A. Taylor for his having complained of racial discrimination and retaliation.

**WHEREFORE**, Plaintiff Harold A. Taylor respectfully requests the following relief:

Entry of judgment in favor of Plaintiff Harold A. Taylor and against Defendant Teakdecking Systems, Inc.;

1.     Back pay;

2.     Reinstatement, or in the alternative, front pay;

3.     Liquidated damages;

4.     Attorneys fees and costs; and

5.     Other such relief as may be appropriate to effectuate the Civil Rights Act of 1964 and the Florida Civil Rights Act.

## JURY DEMAND

Plaintiff Harold A. Taylor herein demands a trial by jury of all issues in this action.

Dated this 6th day of December, 2011.

Kevin F. Sanderson, Esq.
Florida Bar No. 598488
KEVIN F. SANDERSON, CHARTERED
690 South Tamiami Trail

Osprey, Florida 34229
Tel: (941) 244-0468
Fax: (941) 445-4716
kevin@srqattorney.com
**Trial Counsel for Plaintiff Harold Taylor**